UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**ANTHONY BOYD, SR.**

*Plaintiff*,

v.

**RENTGROW INC.,**

*Defendant*.

Civil Action No.   21-2285

**Complaint and Demand for Jury Trial**

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

### THE PARTIES

2. Plaintiff Anthony Boyd, Sr. is an adult individual and resides in Urbana, Illinois.

3. Defendant RentGrow, Inc. regularly conducts business in this district and has a principal place of business at 307 Waverly Oaks Road, Suite 301, Waltham, Massachusetts.

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### FACTUAL ALLEGATIONS

6. Upon information and belief, for many years, Defendant has purchased public records information pertaining to residential eviction litigation ("eviction information") from a private vendor for the purpose of creating and selling consumer reports to landlords and rental property managers.

7. Upon information and belief, neither Defendant nor its vendor retrieves the actual underlying court records themselves or digital representations thereof.

8. Rather, upon information and belief, the eviction information Defendant purchases is merely a summary prepared by its vendor that does not include all the information or the most up-to-date information available at the courthouses or government offices where the records themselves are housed in conjunction with the day-to-day functioning of those entities.

9. In Plaintiff's case, Defendant prepared a consumer report about him that included inaccurate eviction information concerning a civil judgement of eviction from Bell County, Texas and disseminated it to his prospective landlord, Golfview Village.[1]

10. The Bell County, Texas eviction matter does not pertain to Plaintiff or relate to him in any way, but instead concerns another individual.

11. Indeed, publicly available court records definitively establish that the Bell County eviction matter was not filed against Plaintiff, but against another individual with a similar, but different name, a completely different date of birth, and a different Social Security Number.

12. As a direct and proximate result of Defendant's inclusion of the inaccurate eviction information in its consumer report about him, Golfview Village denied Plaintiff's application to rent an apartment there.

---

[1] The statute of limitations for Plaintiff's claim was tolled until July 16, 2021 as a result of the class action case *McIntyre v. RentGrow, Inc.*, No. 1:18-cv-12141 (D. Mass.). *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.").

13. As of result of Defendant's conduct, Plaintiff suffered actual damages in the form of lost housing opportunities, harm to reputation, emotional distress, including anxiety, frustration, humiliation, and embarrassment.

14. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

15. At all relevant times, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of Plaintiff.

## CLAIM FOR RELIEF

### COUNT I

### Violation of FCRA Section 1681e(b)

16. Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

17. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).

18. At all relevant times, Defendant was a "person" and "consumer reporting agency," as defined by 15 U.S.C. §§ 1681a(b) and (f), respectively.

19. The report Defendant prepared for Plaintiff's prospective landlord was a "consumer report," as defined by 15 U.S.C. § 1681a(d).

20. Defendant willfully and negligently failed to comply with 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" whenever they prepare consumer reports.

21. Defendant's conduct was a direct and proximate cause of the harm alleged herein.

22. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff for the relief sought herein.

## JURY TRIAL DEMAND

23. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and an award of:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs of suit and reasonable attorneys' fees; and

(e) Such other and further relief as is necessary, just, and proper.

Dated: November 18, 2021

Respectfully submitted,

ANTHONY BOYD, SR., *by his attorneys*,

*/s/ Jordan M. Sartell*
Jordan M. Sartell
FRANCIS MAILMAN SOUMILAS, P.C.
310 S. County Farm Road, Suite H
Wheaton, IL 60187
T: 215-735-8600
F: 215-940-8000
jsartell@consumerlawfirm.com

Geoffrey H. Baskerville* (lead counsel)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
gbaskerville@consumerlawfirm.com

* petition for leave to appear *pro hac vice* forthcoming.